IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUVENAL GUEVARA, JR., #1907012,  §<br>    PLAINTIFF, §<br> §<br>V. §<br> §<br>UNITED STATES OF AMERICA, ET AL., §<br>    DEFENDANTS. § | CIVIL CASE NO. 3:20-CV-404-B-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for a recommended disposition. Plaintiff Juvenal Guevara ("Guevara"), a state prisoner, filed this *pro se* civil rights complaint against the United States Congress and the members' families, TDCJ employees, Gina Rodriguez, and Chief Judge Barbara Lynn. Doc. 3 at 3. Guevara neither paid the filing fee nor sought leave to proceed *in forma pauperis*. Nevertheless, upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes.

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) (holding "that a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim"). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad

claims filed by prisoners and facilitate consideration of the good.'" *Brown*, 857 F.3d at 291 (quoting *Coleman v. Tollefson*, ___ U.S. ___, 135 S. Ct. 1759 (2015)).

Guevara has accrued three strikes under Section 1915(g). Before this lawsuit was filed, district courts in Texas dismissed as frivolous under 28 U.S.C. § 1915(e) at least four non-habeas, civil actions that Guevara filed while confined as an inmate. *See Guevara v. Valdez, et al.*, 1:17-CV-924 (W.D. Tex. Sep. 27, 2017) (dismissing as frivolous); *Guevara v. Patricia Valdez* , No. 3:16-CV-2602-G-BN, 2017 WL 401243 (N.D. Tex. Jan. 30, 2017) (dismissing with prejudice under section 1915(e)); *Guevara v. Patricia Valdez*, 4:16-CV-3264 (S.D. Tex. Jan. 23, 2017) (dismissing as frivolous); *Guevara v. Resendez*, 1:16-CV-86 (W.D. Tex. February 29, 2016) (same). In addition, this Court has held previously that Guevara is barred from filing civil lawsuits by the PLRA three-strikes provision. *See Guevara v. Trump, et al.*, No. 3:19-CV-1635-G-BN (N.D. Tex. Aug. 9, 2019); *Guevara v. Sky View Unit*, No. 3:18-CV-2721-M-BN (N.D. Tex. Nov. 13, 2018); *Guevara v. State of Texas*, No. 3:18-CV-2611-S-BK (N.D. Tex. Oct. 24, 2018); *Guevara v. Paul*, No. 3:18-CV-2389-B-BK (N.D. Tex. Oct. 9, 2018).

Having accumulated three "strikes," section 1915(g) precludes Guevara from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). A plaintiff's allegations of imminent danger must be "specific" and "credible," however, to meet this standard. *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (holding that) (citing *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)), *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("a complaint does not satisfy the 'imminent danger' exception" of the PLRA where plaintiff's "claims of imminent danger are conclusory or ridiculous" (citation and quotation omitted)).

Guevara's mere declaration of a "genuine emergency" is insufficient to invoke the imminent danger exception to Section 1915(g). Doc. 3 at 1. He also fails to identify the type or source of the "emergency" he posits. Doc. 3 at 1, 6-7. As in his previous cases, Guevara's allegations are fanciful and delusional, and include claims that "Trump & all his family & some Congress, & Vice President" are trying to kill him by "torching [him] by using their spirit body's by beating [him] half to death." Doc. 3 at 6. *See, e.g., Guevara v. Valdez*, No. 6:18-CV-17 (rejecting Guevara's claim of imminent danger because people are trying to kill him with their soul bodies as "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional"). This Court concurs in the finding that Guevara's claims are clearly fantastic and apparently delusional. *See Guevara v. Paul*, No. 3:18-CV-2389-B-BK, (N.D. Tex. Oct. 9, 2018) (rejecting similar imminent danger claims); *Guevara v. State of Texas*, No. 3:18-CV-2611-S-BK (N.D. Tex. Oct. 24, 2018) (same). Consequently, Guevara is barred from proceeding *in forma pauperis* under section 1915(g).

## II. SANCTION WARNING

Sanctions may be appropriate when a *pro se* litigant has a history of filing multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989).

Since 2018, Guevara has filed four civil actions that have been dismissed as barred by the PLRA three-strikes provision. Given his filing history and the frivolous nature of the imminent danger claims asserted in this and other cases, it is clear that merely applying the three-strikes bar is no deterrent to Guevara's continual filing of frivolous lawsuits. Consequently, Guevara should be warned that if he persists in filing frivolous or baseless lawsuits, the Court may impose monetary sanctions and/or bar him from filing any future lawsuits (with or without payment of the filing fees), unless he first obtains the permission of the Court to do so. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).

### III. CONCLUSION

Accordingly, insofar as Guevara seeks leave to proceed *in forma pauperis*, this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to Guevara refiling an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to him refiling this lawsuit with full payment of the $400.00 filing fee (which includes a $50.00 administrative fee). In addition, Guevara should be **WARNED** that if he persists in filing frivolous or baseless actions, the Court may impose monetary sanctions and/or bar him from filing any future lawsuits (with or without payment of the filing fees), unless he first obtains the permission of the Court to do so.

**SO RECOMMENDED** February 27, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).